IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LENNAR HOMES OF TEXAS LAND AND CONSTRUCTION, LTD.,** | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | |
| **CITY OF CIBOLO, MAYOR STOSH BOYLE, COUNCILMEMBER T.G. BENSON, COUNCILMEMBER STEVE QUINN, COUNCILMEMBER REGGIE BONE, COUNCILMEMBER KATIE CUNNINGHAM, COUNCILMEMBER MARK ALLEN and COUNCILMEMBER JOEL HICKS, each in their official and individual capacities,** | § § § § § § § § § § § § | CIVIL ACTION NO. 5:22-cv-00311-JKP-RBF |
| *Defendants.* | § § | |

**PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, Lennar Homes of Texas Land and Construction, Ltd. ("Lennar"), files its Emergency Application for Temporary Restraining Order and Preliminary Injunction (the "Application"), and in support thereof states the following:

### I.   INTRODUCTION[1]

1.   This lawsuit arises from a municipality's erroneous decision to prevent the timely development of Lennar's land located outside of the City of Cibolo, Texas ("City"), and its lawful sale of homes to the public. This delay is due solely to sanitary sewer issues. The City does not have the legal authority to regulate, provide or control sanitary sewer service to Lennar's property because Lennar's property is located in the State of Texas' certificate of convenience and necessity

---

[1] The Declaration of Richard Mott is attached hereto and incorporated herein ("Declaration").

**PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**                                                                                         Page 1

of Green Valley Special Utility District ("GVSUD") service area. Under Texas law, the City has no authority or ability to regulate sanitary sewer service to the property. There is no dispute that Lennar will eventually build houses on all of the lots in its development. The only legal issue is whether or not the City can delay the completion of these houses and occupancy by homebuyers by imposing new sanitary sewer rules late in the development process. Lennar is requesting the Court to enjoin the City and/or the members of the City Council from unlawfully interfering in the development of Lennar's land and to command the City and/or Planning and Zoning Commission ("P&Z") to approve and record the final plat for Unit 1 of its development.

## II. FACTUAL BACKGROUND

2. Lennar owns a large tract ("Property") located in the extraterritorial jurisdiction ("ETJ") of the City. The City has platting authority in its ETJ.

3. On September 28, 2021, the Cibolo City Council approved a land study submitted by Lennar for the Cibolo Farms project ("Project") which is the first permit in the series of permits for its residential development pursuant to Chapter 245, Tex. Loc. Gov't Code. One of the conditions to City approval was that no sewer pump and haul would be allowed under TLGC 212.010(a)(2) and (4) and UDC 19.8(b). Lennar agreed to this condition because it has decided to not go vertical with construction of houses until a permanent sanitary sewer system is in place. However, it is necessary that the preliminary plat be approved in order to commence horizontal development of the subdivision.

4. A major bone of contention for the City has been the providing of centralized sanitary service in its ETJ. The State's sewer certificate of convenience and necessity ("CCN") for the Property is owned solely by GVSUD. As the CCN owner, GVSUD is the only governmental entity that can provide sewer service to the Property. A true and correct copy of the City's wastewater segment of its current comprehensive plan is attached as Exhibit A to the Declaration.

It does not show any plans for the City to provide sanitary sewer service to the Property in the future.

5.      On or about August 18, 2021, Lennar and GVSUD entered into the Green Valley Special Utility District Wastewater Non-Standard Service Agreement ("Service Agreement").  A true and correct copy of the Service Agreement is attached as Exhibit B to the Declaration.  Under the Service Agreement, GVSUD will extend its collection system to handle wastewater disposal from the Project.  These improvements will be completed by December 2022.

6.      By enacting Chapter 13 of the Texas Water Code, the Texas Legislature established a system limiting the number of utility providers for a particular geographical area.  The City is preempted by statute from regulating sanitary sewer service in this area.  According to Chapter 13 Green Valley is solely authorized to provide sanitary sewer service to the Property.  Sewer providers are obligated to provide service within their own CCN boundaries.  *Allen v. Park Place Water, Light & Power Co.*, 266 S.W. 219, 222 (Tex. App. 1924, writ ref'd).

7.      According to the City's subdivision ordinance, the next permit in the series of permits for a development project is the preliminary plat.  On or about September 8, 2021, the City Planning and Zoning Commission ("P&Z") recommended approval of the Preliminary Plat for Cibolo Farms Unit 1 by a vote of 3-1.  A true and correct copy of the Preliminary Plat is attached as Exhibit C to the Declaration.

8.      The City Council voted at its September 28, 2021 meeting to deny the Preliminary Plat by a 4-2 vote for solely sanitary sewer reasons.  Lennar's council Buck Benson forwarded the correspondence attached as Exhibit D to the Declaration pursuant to § 212.0093, Tex. Loc. Gov't. Code requesting that the City Council reconsider its vote.

9. At the City Council's October 26, 2021 meeting. The City Council approved a final plat application on a tract owned by Meritage which is in close proximity to the Lennar Project. Meritage will be utilizing pump and haul until Green Valley's permanent sanitary sewer system is extended to this area. The City expressed concerns about Meritage's temporary use of pump and haul but still approved the final plat. A true and correct copy of Meritage's approved final plat is attached as Exhibit E to the Declaration.

10. The recommendations by the City staff with authority to confirm the Preliminary Plat compliance with City ordinance are as follows:

Staff Recommendation:

The proposed Preliminary Plat complies with requirements of the UDC and has received all letters of certification from the reviewing entities: Planning, Engineering, Public Works, Fire Marshal and Utilities. Staff therefore recommends approval of the Preliminary Plat of Cibolo Farms Unit 1.

City Engineer Recommendation:

The City Engineer has determined that the proposed Preliminary Plat complies with the requirements of the UDC and recommends approval as outlined within the attached letter.

11. After the September 28 City Council meeting Lennar provided information and documents to the City related to the progress of the GVSUD construction project as stated in the Declaration.

12. On March 22, 2022 the City Council voted 7-0 to deny the Preliminary Plat of Cibolo Farms Unit 1. The stated reason for the denial was lack of sanitary sewer capacity.

13. Section 212.005 of the Texas Local Government Code provides that the municipal authority responsible for approving plats "must approve" a plat that satisfies all applicable technical requirements. Tex. Loc. Gov't Code § 212.005. A plat application shall be approved within 30 days after submittal. *Id.* § 212.009. If the applicant complies with all existing valid requirements, the issuance or conditioning of a building permit, plat, or development permit

becomes a mere ministerial duty. *City of Stafford v. Gullo*, 886 S.W.2d 524 (Tex.App.–Houston [1st Dist.] 1994, no writ). *Rhodes v. Shapiro*, 494 S.W.2d 248 (Tex. Civ. App. – Waco 1973, no writ).

14. Despite the City staff's confirmation that Lennar's Preliminary Plat complied with all subdivision ordinance requirements and Lennar had foregone the pump and haul option the City Council voted to unanimously deny the Preliminary Plat due to "lack of permanent sewer service."  Pursuant to the City's subdivision ordinance Lennar is unable to commence preparing infrastructure construction plans for its Project due to the Council's denial.  This will delay the development of Lennar's subdivision and its construction of new houses for the Project.

15. Lennar owns another property, "Grace Valley," that is adjacent to the Meritage property and within 660 feet of the Lennar Property.  Grace Valley is also inside the ETJ of Cibolo. Grace Valley is also on the same future sanitary sewer line as Meritage and the Property.  The City of Cibolo approved a preliminary plat with no limitations for Grace Valley.

16. Lennar cannot proceed to final plat and infrastructure construction unless the Preliminary Plat is approved.  Due to the uncertainty caused by the City's delay in approving the Preliminary Plat, Lennar is unable to proceed to development of the Property and building homes. The homebuilding industry is very competitive.  Potential customers will likely go elsewhere to satisfy their housing needs, and Lennar will be unable to benefit from existing market conditions which served as the primary basis of its decision to purchase the Property in the first place. Furthermore, GVSUD refuses to install water meters until the Final Plat is approved and recorded.

### III.   ARGUMENTS & AUTHORITIES

17. To obtain a temporary restraining order and/or a preliminary injunction, the movant must demonstrate:  (1) a likelihood of success on the merits; (2) a threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any

harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); and *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011). Lennar is asking the Court to prevent the City from slowing down or preventing the development of the Property and to command the City to approve and record the Final Plat. Injunctive relief is warranted because all of these requirements are satisfied in this action. In a similar case, an order concerning Entry of Preliminary Injunction was entered against the City of Cibolo by Judge Fred Biery in Civil Action No. SA-21-CV-755-FB.

**A.      Lennar is Likely to Prevail on the Merits of its Claim**

18.     To satisfy the element of likelihood of success on the merits, Lennar is not required to prove its entitlement to judgment. Nor is it required to "prove its case with absolute certainty." *Nexstar Broadband Group, Inc. v. Lammers*, No. 3-09-cv-0953-K, 2008 WL 2620098, at *4 (N.D. Tex. June 27, 2008). Instead, a "reasonable probability of success, not an overwhelming likelihood is all that need be shown for preliminary injunctive relief." *Id*., and Janvey, 647 F.3d at 595; *see also* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 11A FEDERAL PRACTICE & PROCEDURE § 2948.3 (3d ed. 2013) ("All courts agree that plaintiff must present a *prima facie* case but need not show a certainty of winning." (footnote omitted)). Lennar is requesting relief similar to a mandatory injunction to order the City to approve the Preliminary Plat. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

19.     Lennar has filed suit alleging causes of action for declaratory judgment, denial of equal protection, denial of due process, and regulatory taking. The City's only given reason to deny the plat application was based upon sanitary sewer concerns for land not located within the Cibolo city limits, and based on conditions that were never articulated or required. As a matter of law GVSUD as the sole CCN holder is the only governmental entity allowed to provide or regulate

sanitary sewer service to the Property. The City has no legal rights to deny a plat application based upon sanitary sewer issues.

20. Under Texas law, a city's discretion to approve or deny a development permit such as a plat is much more limited than a zoning request. When the permit applicant "has done all that the statutes and law demands," the approval of the permit "becomes a mere ministerial duty . . . ." *Howeth Invs., Inc. v. City of Hedwig Village*, 259 S.W.3d 877 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 927 (Tex. Civ. App.—Corpus Christi 1968, writ ref'd n.r.e.). In issuing and conditioning building permits, site plans and plat approval, the City is purely an administrative agent and cannot exercise any independent discretion. If the application complies with all existing valid requirements, the issuance or conditioning of a building, plat, or development permit becomes a mere ministerial duty. *See Rhodes v. Shapiro*, 494 S.W.2d 248 (Tex. Civ. App.—Waco 1973, no writ); 1 Yokley, Municipal Corporations 163-164 (1956). Because the plat meets all valid city and state requirements, it must be approved. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).

21. Lennar has also pled a U.S. Constitutional regulatory takings claim. The City has clearly deprived Lennar of its reasonable investment-backed expectations. If plaintiffs "show that a constitutional rights claim is likely to succeed, the remaining preliminary injunction factors weigh in favor of granting an injunction." *Vivid Entm't, LLC v. Fielding*, 956 F. Supp. 2d 1113, 1136 (C.D. Calif. 2013). For these and the previously stated reasons, Lennar has established a reasonable probability to succeed on the merits of its causes of actions against the City because the City and the individual councilmembers lack authority to prevent the development of the

Lennar Property pursuant to the plat, and the City clearly has deprived Lennar of its constitutionally protected property interests.

**B.    Lennar Faces a Substantial Threat of Irreparable Injury if Injunctive Relief is Not Granted**

22.    To show irreparable injury, a party need only show a "significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.,* 804 F.2d 1390, 1394 (5th Cir. 1986). It is well-established that an injury is irreparable "if it cannot be undone through monetary remedies" or for which monetary damages would be "especially difficult to calculate." *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) and *Heil Trailer Int'l Co. v. Kula,* 542 Fed. Appx. 329, 335 (5th Cir. 2013). Injury to reputation or goodwill may constitute irreparable harm because it is not easily measurable in monetary terms. *Heil Trailer*, 542 Fed. App. at 335; *see also*, *Rogers Group, Inc. v. City of Fayetteville*, 629 F.3d 784, 789-90 (8th Cir. 2010)(loss of goodwill among customers supports issuance of injunction to enjoin action by City when it lacked authority to regulate).

23.    Lennar has alleged that its property rights have been wrongfully taken by the City in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. Similarly, Lennar's constitutionally protected due process and equal protection rights have been deprived. According to the case law, "the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

24.    The purpose of a restraining order and preliminary injunctive relief is always to prevent irreparable injury. *See Canal Auth. Of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). "If the currently existing status quo is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested

status quo between the parties . . . or by the issuance of a mandatory injunction, . . . or by allowing the parties to take the proposed action that the court finds will minimize the irreparable injury." *Id*.

25. Under Texas law, a preliminary plat is required in order for Lennar to proceed to final plat and infrastructure construction followed by the Construction of homes. The home building industry is very competitive and Lennar will likely lose customers due to delay. In addition, Green Valley will not provide water meters to these houses without a recorded final plat. It is well-settled that unauthorized interference with a real property interest constitutes irreparable harm as a matter of law, given that a piece of real property is considered to be a unique commodity for which a monetary remedy for injury is an inherently inadequate substitute. *7-Eleven, Inc. v. Khan*, 977 F. Supp. 2d 214, 234 (E.D.N.Y. 2013). Such action would further tarnish Lennar's business reputation and the goodwill associated with its business.

26. Unless the City is enjoined from interfering with Lennar's rights to plat approval, Lennar will be unable to start development of the Property and the building of houses. Lennar will be unable to take advantage of a currently vibrant real estate market, and Lennar's harm will be substantial and irreparable.

**C.     The Threat of Injury to Lennar if Injunction is denied Outweighs any Potential Injury to the City if Injunction is Granted.**

27. To determine whether an injury to Lennar outweighs any injury to the City, the Court engages in a balancing of the conveniences and rights of the parties and a balancing of the possible injuries to them according to how they may be affected by granting or withholding of the injunction. *Congress of Racial Equality v. Douglas*, 318 F.2d 95, 97 (5th Cir. 1963).

28. In this case, Lennar's Property is not located in the Cibolo city limits and will not adversely impact city residents in any way. Furthermore, Lennar has agreed not to utilize pump

and haul which does not present a public safety issue. The City previously approved pump and haul operations inside and outside of the components limits.

29. GVSUD's system expansion has been funded and centralized sanitary sewer service will be extended to the Property by December 2022. The injunctive relief requested by Lennar would simply allow infrastructure to be constructed and houses to be built until such time as GVSUD's system improvements are completed.

**D.   Granting Injunctive Relief serves the Public Interest**

30. Lastly, a court must consider whether the issuance of injunctive relief serves the public interest. The focus of the courts' public interest analysis is whether there exists some critical public interest that would be injured by the grant of preliminary relief. *Conceal City, LLC v. Looper Law Enforcement, LLC,* 2011 WL 5557421 at *8 (N.D. Tex. 2011). An injunction in this case will not disserve the public interest. There is generally no public interest in the perpetuation of unlawful governmental action. *See League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016), and *Cook County v. McAleenan*, 417 F. Supp. 3d 1008, 1029 (N.D. Ill. 2019). An injunction will further serve the public interest by ensuring a City does not act outside its authority to prevent the free use of property. Moreover, it cannot be said that the City's ostensible interest is a "critical" public interest where it has historically permitted such activities, continues to permit the practice within the City, and Lennar relied on previous approvals in deciding to purchase the Property.

**E.   No (or Minimal) Security should be Required**

31. The Court may dispense with the requirement of security where it appears unlikely that the defendant would incur any significant cost or damages as a result of the injunction. *See Incubus Inv., LLC v. City of Garland*, 2003 WL 23095680 at *4 (N.D. Tex. 2003). The City will not incur any cost or damages as a result of this injunction. Although Lennar is willing to post a

bond as directed by the Court, Lennar submits that the Court should require no security, or minimal security as a condition to the grant of injunctive relief.

32. Lennar hereby requests that this court enter a Temporary Restraining Order preventing the City from illegally applying its ordinances to prevent Lennar from proceeding to final plat and infrastructure construction drawing.

33. Upon appropriate further hearing of this matter, Lennar requests a Preliminary Injunction to the same effect.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lennar Homes of Texas, LLC prays that:

A. the Court issue a Temporary Restraining Order, restraining the City of Cibolo, as well as the City's agents, representatives, employees, contracting parties, affiliates, and those in active concert with it or with actual knowledge of the Order from illegally applying its ordinances to deny the Preliminary Plat and prevent Lennar from proceeding to submit a final plat and infrastructure construction drawings to the City;

B. the Court sets Lennar's Application for a Preliminary Injunction for a hearing, and, upon hearing, the Court enters a temporary injunction enjoining the City of Cibolo, its agents, representatives, contracting parties, employees, affiliates, or those in active concert with it or with actual knowledge of the Order from illegally applying its ordinances to deny the Preliminary Plat and prevent Lennar from proceeding to submit a final plat and infrastructure construction drawings and building houses; and

C. the Court grants Lennar all other relief, legal or equitable, to which it is entitled.

Respectfully submitted,

WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5745 – Phone
(214) 745-5390 – Fax

and

401 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 370-2818 – Phone
(512) 370-2850 – Fax

By: /s/ *Arthur J. Anderson*
Arthur J. Anderson
SBN: 01165957
aanderson@winstead.com
James G. Ruiz
SBN: 17385860
jruiz@winstead.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Charles Frigerio, counsel for The City of Cibolo and the other Defendants, via email regarding the relief requested in this application. Defendants are opposed to the requested relief and this matter is presented to the Court for consideration.

/s/ *James G. Ruiz*
James G. Ruiz

## CERTIFICATE OF SERVICE

By signature below, I certify that a true and correct copy of this Application for Temporary Restraining Order and Preliminary Injunction has been served by electronic service to the following counsel for Defendants on this 27th day of April, 2022:

Charles S. Frigerio
Hector X. Saenz
Law Offices of Charles S. Frigerio, PC
111 Soledad, Suite 840
San Antonio, Texas 78205

csf@frigeriolawfirm.com
HXS@frigeriolawfirm.com

                                                  */s/ James G. Ruiz*
                                                  James G. Ruiz